UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TOSHIBA CORPORATION,

        Plaintiff,

v.

IMATION CORP.; MOSER BAER INDIA LTD.; GLYPHICS MEDIA, INC.; CMC MAGNETICS CORP.; HOTAN CORP.; KHYPERMEDIA CORP.; RITEK CORP.; AND ADVANCED MEDIA, INC.,

        Defendants.

Case No. 09-CV-305

**COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Toshiba Corporation ("Toshiba"), for its Complaint, alleges:

## PARTIES

1. Toshiba is a Japanese corporation having its principal place of business located at 1-1 Shibaura 1-Chome, Minato-Ku, Tokyo 105-8001 Japan.

2. Defendant Imation Corp. ("Imation") is a Delaware corporation having its principal place of business at One Imation Way, Oakdale, MN 55128. Imation is registered to do business in Wisconsin among other states and has a registered agent for service of process. That agent is Corporation Service Company, located at 8040 Excelsior Drive, Suite 400, Madison, WI 53717. Upon information and belief, Imation currently uses, sells, offers for sale, and/or imports infringing recordable DVD discs. Such discs as identified here and in all following paragraphs may be of the formats DVD-R, DVD+R, DVD-RW, DVD+RW, DVD-R DL, DVD+R DL, and DVD-RAM.

3. Defendant Moser Baer India Limited ("Moser Baer") is, upon information and belief, an Indian limited liability company having its principal place of business at 43B, Okhla

1

Industrial Estate, New Delhi, India 110020.  Upon information and belief, Moser Baer currently makes, uses, sells, offers for sale, and/or imports infringing recordable DVD discs.

4. Defendant Glyphics Media, Inc. ("Glyphics Media") is a New York corporation having its principal place of business at 333 Metro Park, Rochester, NY 14623.  Glyphics Media is a joint venture of Defendant Imation and Defendant Moser Baer, with Imation having 51% ownership of the corporation and Moser Baer having 49% ownership.  Upon information and belief, Glyphics Media acts as a U.S. distributor for optical media manufactured by Moser Baer, and Glyphics Media currently uses, sells, offers for sale, and/or imports infringing recordable DVD discs.

5. Defendant CMC Magnetics Corporation ("CMC") is a Taiwanese corporation having its principal place of business at 53 West Ming Chuan Road, 15th Floor, Taipei City, Taipei 10460, Taiwan.  Upon information and belief, CMC currently makes, uses, sells, offers for sale, and/or imports infringing recordable DVD discs.

6. Defendant Hotan Corporation ("Hotan") is a California corporation having a principal place of business at 751 North Canyons Parkway, Livermore, CA 94551.  Hotan is a U.S. subsidiary of CMC, and, upon information and belief, Hotan acts as a U.S. distributor for optical media manufactured by CMC, and Hotan currently uses, sells, offers for sale, and/or imports infringing recordable DVD discs.

7. Defendant Khypermedia Corporation ("Khypermedia") is a California corporation having a principal place of business at 789 North Canyons Parkway, Livermore, CA 94551.  Upon information and belief, Khypermedia is a U.S. subsidiary of CMC, acts as a U.S. distributor for optical media manufactured by CMC, and currently uses, sells, offers for sale, and/or imports infringing recordable DVD discs.

8. Defendant Ritek Corporation ("Ritek") is a Taiwanese corporation having a principal place of business at No. 42 Kuan-Fu North Road, Hsin-Chu Industrial Park 30316, Taiwan. Upon information and belief, Ritek currently makes, uses, sells, offers for sale, and/or imports infringing recordable DVD discs.

9. Defendant Advanced Media, Inc. ("Advanced Media") is a California corporation having a principal place of business at 1440 Bridgegate Drive, Suite 395, Diamond Bar, CA 91765. Advanced Media is an independent subsidiary of Ritek, and the sole North American marketer and distributor of certain of Ritek's infringing recordable DVD discs. Upon information and belief, Advanced Media currently uses, sells, offers for sale, and/or imports infringing recordable DVD discs.

## JURISDICTION

10. This is an action for patent infringement, arising under the patent laws of the United States, Title 35 of the United States Code, Section 271, and Sections 281 to 285. This Court has jurisdiction over the subject matter of this action pursuant to Title 28 of the United States Code, Sections 1338(a) (patents) and 1331 (federal question).

11. Defendant Imation is subject to personal jurisdiction because Imation is a corporation registered to do business in Wisconsin with an agent for service of process in Wisconsin. In addition, Toshiba's causes of action here arise from business done in Wisconsin by Imation, and Imation regularly and continuously engages in business transactions in the State. Imation recordable DVD discs sold under at least the brand names Imation® and Memorex® are freely available for purchase at retailers located in this district.

12. Defendant Moser Baer is subject to personal jurisdiction because it manufactures and/or sells infringing recordable DVD discs, with the knowledge and intent that the products

will be offered for sale, sold, or used throughout the United States, including in the State of Wisconsin. Recordable DVD discs manufactured by Moser Baer, and sold under at least the brand names Imation® and Memorex®, are freely available for purchase at retailers located in this district.

13. Upon information and belief, Defendant Glyphics Media is subject to personal jurisdiction in this District because Glyphics Media acts as a nationwide distributor for Moser Baer and, via Glyphics Media's website, advertises Moser Baer's media for sale to "high volume professional duplicators, major resellers, OEMs, or private label customers" in the United States, including Wisconsin. Recordable DVD discs manufactured by Moser Baer, and sold under at least the brand names Imation® and Memorex®, are freely available for purchase at retailers located in this district.

14. Defendant CMC is subject to personal jurisdiction because it manufactures and/or sells infringing recordable DVD discs, with the knowledge and intent that the products will be offered for sale, sold, or used throughout the United States, including in the State of Wisconsin. Recordable DVD discs manufactured by CMC, and sold under at least the brand name Imation®, are freely available for purchase at retailers located in this district.

15. Upon information and belief, Defendant Hotan is subject to personal jurisdiction in this District because Hotan acts as a nationwide distributor for CMC, and recordable DVD discs manufactured by CMC, sold under at least the brand name Imation®, are freely available for purchase at retailers located in this district.

16. Upon information and belief, Defendant Khypermedia is subject to personal jurisdiction in this District because Khypermedia acts as a nationwide distributor for CMC and

recordable DVD discs manufactured by CMC, sold under at least the brand name Imation®, are freely available for purchase at retailers located in this district.

17. Defendant Ritek is subject to personal jurisdiction because it manufactures and/or sells infringing recordable DVD discs, with the knowledge and intent that the products will be offered for sale, sold, or used throughout the United States, including in the State of Wisconsin. Recordable DVD discs manufactured by Ritek, and sold under at least the brand name Memorex®, are freely available for purchase at retailers located in this district.

18. Upon information and belief, Defendant Advanced Media is subject to personal jurisdiction in this District because Advanced Media is the sole North American marketer and distributor for certain Ritek recordable DVD discs, and recordable DVD discs manufactured by Ritek, sold under at least the brand name Memorex®, are freely available for purchase at retailers located in this district.

## VENUE

19. Venue is proper in this District under Title 28 of the United States Code, Sections 1391(b), (c) and (d), and 1400(b).

## BACKGROUND FACTS

20. DVD (originally an acronym for "Digital Versatile Disc") is an optical disc storage media format that can be used for data storage.

21. Creation of DVD technology was spurred by a 1994 public call from major players in the entertainment industry. They requested a single worldwide standard for a new digital video storage technology that would allow them to sell high-quality versions of movies for home viewing. Toshiba's pioneering inventions became a foundation for the DVD format specifications, which were adopted as standards ("DVD Standard Specifications").

22. Numerous Toshiba U.S. and foreign patents, including the patents-at-issue, were incorporated into, and are essential to, the DVD Standard Specifications.

23. In 1999, Toshiba joined with other leading DVD format developers to create a licensing group called DVD6C. The group commenced a worldwide licensing program for their patents essential for the DVD Standard Specifications to enable interested parties to license the patents. DVD6C offers several groups of licenses for the various types of DVD products and the DVD formats, such as DVD-R, DVD-RW, etc., that those products employ. A representative list of the DVD products that can be licensed is found at http://www.dvd6cla.com/list.html.

24. Any company wishing to make, use or sell DVD media that comply with the DVD Standard Specifications must obtain a license to employ the DVD Standard Specifications. Accordingly, any company wishing to make, use or sell DVD media must also obtain a license to employ the patents-in-suit.

25. CMC and Ritek are licensed by DVD6C to use Toshiba's patents for DVD-ROM Discs and DVD-Video Discs, but CMC and Ritek are not licensed by Toshiba or DVD6C for several other DVD formats at issue, including at least DVD-R, DVD-RW, DVD+R, DVD+RW, DVD-R DL, DVD+R DL and DVD-RAM discs.

**DEFENDANTS' KNOWLEDGE OF THE PATENTS-IN-SUIT**

26. On information and belief, Defendants are, and have been aware of, the patents-at-issue.

27. As an example, Defendants' DVD media display certain official DVD logos (DVD-R, DVD-RW, DVD-R DL, DVD-ROM and/or DVD-RAM) on their packaging. In order to display these official DVD logos on its product, a manufacturer must obtain a license to use the logos from the DVD Format/Logo Licensing Corporation ("DVDFLLC"). As part of this

license, the "Licensee . . . agrees that all Products bearing or marketed under the Logos shall conform to the applicable DVD Format Book(s) . . . ." *See* Exhibit A at § 4.2 (DVDFLLC draft license).

28. The DVD Format Books contain the DVD Standard Specifications. As described *supra*, numerous patents, including the patents-at-issue, are considered essential to implementation of those DVD Standard Specifications. Indeed, the "Warranty and Disclaimer" section of the DVDFLLC license states, "IT IS EXPLICITLY UNDERSTOOD BY LICENSEE THAT LICENSOR AND FORMAT OWNERS CLAIM TO HAVE ISSUED OR PROSPECTIVE PATENTS PERTINENT TO THE LICENSED PRODUCTS, WHICH PATENTS ARE NOT LICENSED HEREUNDER." *Id.* at § 9.1.

29. Manufacturers and sellers of DVD products employing the DVD logos thus would be aware of the need for a license to essential patents underlying the DVD Standard Specifications. Complete lists of Toshiba's essential patents are publicly-available at DVD6C's licensing website, and Defendants thus had at least constructive knowledge, if not actual knowledge, of the patents-at-issue upon Defendants' first use of the DVD logos.

30. Furthermore, as noted above, Defendant CMC has licensed the patents-at-issue for DVD-ROM Discs and DVD-Video Discs since January 1, 2002, and Defendant Ritek has licensed the patents-at-issue for DVD-ROM Discs and DVD-Video Discs since May 11, 2001.

**FIRST CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 5,708,651)

31. Toshiba is the owner by assignment of all rights, title and interest in and to United States Patent Number 5,708,651 (the "'651 patent"), issued on January 13, 1998, and titled

"Optical Disk Having Reduced Track Pitch and Optical Disk Playback Apparatus Containing the Same." A true and correct copy of the '651 patent is attached hereto as Exhibit B.

33. Upon information and belief, Defendants have had actual or constructive knowledge of the '651 patent since at least their respective first uses of the DVD logos, occurring at a time prior to the filing of this Complaint. In addition, Defendant CMC has had actual knowledge of the patent since CMC first obtained a license from DVD6C on January 1, 2002, andDefendant Ritek has had actual knowledge of the patent since Ritek first obtained a license from DVD6C on May 11, 2001.

33. Defendants directly infringe, contributorily infringe, and/or induce infringement of Toshiba's '651 patent by importing to the United States, using, making and/or selling within the United States recordable DVD discs of Imation, under at least the Imation® and Memorex® brands, that are covered by one or more claims of Toshiba's '651 patent.

34. Toshiba has suffered or will suffer reduced sales or lost profits or both as long as the infringing activities of Defendants continue.

35. Defendants have infringed and are infringing the '651 patent with knowledge of Toshiba's patent rights and without reasonable basis for believing that Defendants' conduct is lawful. Defendants' acts of infringement have been and continue to be willful, deliberate, and in reckless disregard of Toshiba's patent rights.

36. Toshiba has no adequate remedy at law for Defendants' infringement of the '651 patent. Unless enjoined by this Court, Defendants will continue such acts of infringement to Toshiba's substantial and irreparable damage.

dc-555493

**SECOND CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 5,892,751)

37. Toshiba is the owner by assignment of all rights, title and interest in and to United States Patent Number 5,892,751 (the "'751 patent"), issued on April 6, 1999, and titled "Optical Disk Having an Evaluation Pattern for Evaluating the Optical Disk." A true and correct copy of the '751 patent is attached hereto as Exhibit C.

38. Upon information and belief, Defendants have had actual or constructive knowledge of the '751 patent since at least their respective first uses of the DVD logos, occurring at a time prior to the filing of this Complaint. In addition, Defendant CMC has had actual knowledge of the patent since CMC first obtained a license from DVD6C on January 1, 2002, andDefendant Ritek has had actual knowledge of the patent since Ritek first obtained a license from DVD6C on May 11, 2001.

39. Defendants directly infringe, contributorily infringe, and/or induce infringement of Toshiba's '751 patent by importing to the United States, using, making and/or selling within the United States recordable DVD discs of Imation, under at least the Imation® and Memorex® brands, that are covered by one or more claims of Toshiba's '751 patent.

40. Toshiba has suffered or will suffer reduced sales or lost profits or both as long as the infringing activities of Defendants continue.

41. Defendants have infringed and are infringing the '751 patent with knowledge of Toshiba's patent rights and without reasonable basis for believing that Defendants' conduct is lawful. Defendants' acts of infringement have been and continue to be willful, deliberate, and in reckless disregard of Toshiba's patent rights.

42. Toshiba has no adequate remedy at law for Defendants' infringement of the '751 patent. Unless enjoined by this Court, Defendants will continue such acts of infringement to Toshiba's substantial and irreparable damage.

## PRAYER FOR RELIEF

WHEREFORE, Toshiba demands judgment as follows:

A. Finding Defendants liable for infringement of Toshiba's '651 and '751 patents;

B. Permanently enjoining and restraining Defendants, their officers, directors, employees, agents, servants, successors and assigns, and any and all persons acting in privity or concert with Defendants, from further infringement of the '651 and '751 patents;

C. Awarding Toshiba its damages, together with prejudgment and postjudgment interest and costs;

D. Increasing said damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;

E. Declaring this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Toshiba its reasonable attorneys' fees and costs and disbursements in this action; and

F. Granting to Toshiba such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Toshiba demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

Dated: May 14, 2009  Respectfully submitted,

By:  ___/s Catherine Cetrangolo_____

Catherine Cetrangolo
Boardman Law Firm LLP
One South Pinckney Street, 4th Floor
P.O. Box 927
Madison, WI 53701
Tel: 608-283-1703
Email: ccetrangolo@boardmanlawfirm.com

G. Brian Busey
John L. Kolakowski
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW Suite 6000
Washington, DC 20006
Tel: 202-887-1500
Email: gbusey@mofo.com
       jkolakowski@mofo.com

James Denaro
Morrison & Foerster LLP
1650 Tysons Blvd., Suite 400
McLean, VA 22012
Tel: 703-760-7700
Email: jdenaro@mofo.com