UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TOSHIBA CORPORATION,<br><br>             Plaintiffs<br><br>     v.<br><br>IMATION CORP.; MOSER BAER INDIA LTD.; GLYPHICS MEDIA, INC.; CMC MAGNETICS CORP.; HOTAN CORP.; KHYPERMEDIA CORP.; RITEK CORP.; and ADVANCED MEDIA, INC.,<br><br>             Defendants. | Case. No. 09-CV-305 |

### ANSWER OF DEFENDANT CMC MAGNETICS CORP. TO PLAINTIFF TOSHIBA CORPORATION'S FIRST AMENDED COMPLAINT

CMC Magnetics Corp. ("CMC") files this Answers, Affirmative Defenses, and Counterclaims to the First Amended Complaint filed by Toshiba Corporation ("Toshiba"). CMC denies all allegations not expressly admitted below.

### PARTIES

1.     CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and on that basis denies them.

2.     CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and on that basis denies them.

3.     CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and on that basis denies them.

4.     CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and on that basis denies them.

5. CMC admits that it is a Taiwanese corporation having its principal place of business at 53 West Chuan Ming Road, 15th Floor, Taipei 10460, Taiwan. CMC denies the remaining allegations of Paragraph 5 of the Complaint.

6. CMC admits that Hotan Corp. ("Hotan") is a U.S. subsidiary of CMC that is organized under the laws of California and has a principal place of business at 751 North Canyons Parkway, Livermore, CA 94551. CMC admits that Hotan acts as a U.S. distributor for optical media manufactured by CMC, and is engaged in the sale of recordable DVD discs. CMC denies the remaining allegations of Paragraph 6 of the Complaint.

7. CMC admits that Khypermedia Corp. ("Khypermedia") is organized under the laws of California and has a principal place of business at 789 North Canyons Parkway, Livermore, CA 94551. CMC admits that Khypermedia acts as a U.S. distributor for optical media manufactured by CMC. CMC denies the remaining allegations of Paragraph 7 of the Complaint.

8. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and on that basis denies them.

9. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and on that basis denies them.

## JURISDICTION

10. As this action purports to be for patent infringement arising under the patent laws of the United States, CMC admits that this Court has subject matter jurisdiction.

11. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and on that basis denies them.

12. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and on that basis denies them.

13. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and on that basis denies them.

14. CMC does not contest that this Court has personal jurisdiction over it. CMC admits that it manufactures and sells recordable DVD discs, with the knowledge and intent that the products will be offered for sale, sold, or used throughout the United States, including the state of Wisconsin. CMC admits that recordable DVD discs manufactured by it, and sold under the brand name Imation®, are available for purchase at retailers located in this district. CMC denies that its products are infringing and denies the remaining allegations in Paragraph 14 of the Complaint.

15. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and on that basis denies them.

16. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and on that basis denies them.

17. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and on that basis denies them.

18. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and on that basis denies them.

## **VENUE**

19. CMC admits that this District is the appropriate venue to resolve this dispute.

**BACKGROUND FACTS**

20.     CMC admits that DVD is originally an acronym of "Digital Versatile Disc." CMC admits that DVD is an optical disc storage media format that can be used for data storage.

21.     CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and on that basis denies them.

22.     CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and on that basis denies them.

23.     Upon information and belief, CMC admits that Toshiba is a member of the DVD6C licensing group and that DVD6C licenses patents relating to DVD products and formats. CMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of the Complaint and on that basis denies them.

24.     CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and on that basis denies them.

25.     CMC admits that it is licensed by DVD6C to use Toshiba's patents for DVD-ROM Discs and DVD-Video Discs, but CMC is not licensed by DVD6C for other DVD formats at issue. CMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Complaint and on that basis denies them.

**KNOWLEDGE OF THE PATENTS-IN-SUIT**

26.     CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and on that basis denies them.

27.     Upon information and belief, CMC admits that §4.2 of Exhibit A to the Complaint states that "Licensee … agrees that all Products bearing or marketed under the Logos shall conform to the applicable DVD Format Book(s)…"  CMC is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Complaint and on that basis denies them.

28. Upon information and belief, CMC admits that §9.1 of Exhibit A to the Complaint states that "IT IS EXPLICIT UNDERSTOOD BY LICENSEE THAT LICENSOR AND FORMAT OWNERS CLAIM TO HAVE ISSUED OR PROSPECTIVE PATENTS PERTINENT TO THE LICENSED PRODUCTS, WHICH PATENTS ARE NOT LICENSE THEREUNDER." CMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the Complaint and on that basis denies them.

29. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and on that basis denies them.

30. CMC admits that it has licensed the patents-at-issue for DVD-ROM and DVD-Video Discs since January 1, 2002. CMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 of the Complaint and on that basis denies them.

### FIRST CLAIM

31. CMC admits that United States Patent No. 5,708,651 ("the '651 patent") is entitled "Optical Disk Having Reduced Track Pitch and Optical Disk Playback Apparatus Containing the Same" and bears an issue date of January 13, 1998. CMC admits that a copy of what purports to be the '651 patent is attached as Exhibit B to the Complaint. CMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 of the Complaint and on that basis denies them.

32. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and on that basis denies them.

33. CMC denies the allegations of Paragraph 33 of the Complaint.

34. CMC denies the allegations of Paragraph 34 of the Complaint.

35. CMC denies the allegations of Paragraph 35 of the Complaint.

36. CMC denies the allegations of Paragraph 36 of the Complaint.

## SECOND CLAIM

37. CMC admits that United States Patent No. 5,892,751 ("the '751 patent") is entitled "Optical Disk Having an Evaluation Pattern for Evaluating the Optical Disk" and bears an issue date of April 6, 1999. CMC admits that a copy of what purports to be the '751 patent is attached as Exhibit C to the Complaint. CMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 of the Complaint and on that basis denies them.

38. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and on that basis denies them.

39. CMC denies the allegations of Paragraph 39 of the Complaint.

40. CMC denies the allegations of Paragraph 40 of the Complaint.

41. CMC denies the allegations of Paragraph 41 of the Complaint.

42. CMC denies the allegations of Paragraph 42 of the Complaint.

## THIRD CLAIM

43. CMC admits that United States Patent No. 5,831,966 ("the '966 patent") is entitled "Recording Layer Identifying Data in a Multi-Layer Recording Medium" and bears an issue date of November 3, 1998. CMC admits that a copy of what purports to be the '966 patent

is attached as Exhibit D to the Complaint. CMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 of the Complaint and on that basis denies them.

44. CMC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and on that basis denies them.

45. CMC denies the allegations of Paragraph 45 of the Complaint.

46. CMC denies the allegations of Paragraph 46 of the Complaint.

47. CMC denies the allegations of Paragraph 47 of the Complaint.

48. CMC denies the allegations of Paragraph 48 of the Complaint.

## **AFFIRMATIVE DEFENSES**

CMC pleads the following affirmative defenses:

1. The complaint and each count/claim alleged fail to state any claim against CMC upon which relief can be granted.

2. The '651 patent, the '751 patent and the '966 patent (collectively "the patents-in-suit"), and each claim thereof, are invalid and/or unenforceable for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §1 et seq., including without limitation, the requirements in §§101, 102, 103, and/or 112, and the rules and regulations and laws pertaining thereto.

3. CMC has not infringed and does not infringe, whether directly, contributorily, by inducement, or otherwise, any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents, whether willfully or otherwise, and is not liable for any infringement of the patents-in-suit.

4. CMC has not willfully infringed any valid and enforceable claim of the patents-in-suit.

5. On information and belief, Toshiba's claims for relief are barred in whole or in part by the doctrine of license, implied license, and/or patent exhaustion.

6. Toshiba is precluded under the doctrine of prosecution history estoppel from asserting any construction of any claim of the patents-in-suit to cover any product manufactured, used, imported, sold, or offered for sale by CMC, or any service offered by CMC.

7. Toshiba's claims for relief are barred in whole or in part by the doctrine of laches, waiver and/or estoppel.

8. Toshiba is barred under the doctrine of unclean hands from obtaining any relief or recovery against CMC.

9. Toshiba's claims for relief are barred in whole or in part by the doctrine of patent misuse.

10. Any damages sought by Toshiba are limited by 35 U.S.C. §§286 and/or 287.

11. Toshiba's claims for monetary relief are limited to, if anything, a reasonable and non-discriminatory royalty. Toshiba is not entitled to any injunctive relief.

12. CMC reserves the right to assert all affirmative and other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery, any other factual investigation, or any other development relating to this case or any other action.

## **COUNTERCLAIMS**

1. CMC incorporates by reference all of the allegations and averments of the foregoing Answer and Affirmative Defenses as though the same were set forth fully herein.

## JURISDICTION AND VENUE

2. This is a patent action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

3. The Court has personal jurisdiction over Toshiba because it has purposefully availed itself of the benefits and laws of this jurisdiction, including by filing the instant action.

4. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

## THE PARTIES

5. CMC is a corporation organized under the laws of Taiwan and with its principal place of business at 53 West Chuan Ming Road, 15th Floor, Taipei 10460, Taiwan.

6. On information and belief, Toshiba is a corporation organized under the laws of Japan with its principal place of business at 1-1 Shibaura 1-Chome, Minato-Ku, Tokyo 105-8001 Japan.

## FIRST COUNTERCLAIM

(Non-Infringement – the '651 patent, the '751 patent, and the '966 patent)

7. CMC incorporates by reference Paragraphs 1 to 6 of its Counterclaims above as if fully set forth herein.

8. By filing its Complaint, Toshiba has purported to assert claims for the alleged infringement of United States Patent No. 5,708,651 ("the '651 patent"), No. 5,892,751 ("the '751 patent") and No. 5,831,966 ("the '966 patent").

9. An actual controversy has arisen between CMC and Toshiba concerning the infringement of the '651 patent, the '751 patent, and the '966 patent.

10. CMC has not and does not now directly infringe the '651 patent, the '751 patent, or the '966 patent.

11. CMC has not contributed to the infringement, and is not now contributing to the infringement of the '651 patent, the '751 patent, or the '966 patent.

12. CMC has not induced others to infringe, and is not now inducing others to infringe, the '651 patent, the '751 patent, or the '966 patent.

13. CMC is entitled to a judgment from this Court that the '651 patent, the '751 patent, and the '966 patent are not infringed by any of CMC's actions.

## SECOND COUNTERCLAIM

(Invalidity – the '651 patent, the '751 patent, and the '966 patent)

14. CMC incorporates by reference paragraphs 1 to 13 of its Counterclaims above as if fully set forth herein.

15. An actual controversy has arisen between CMC and Toshiba concerning the validity of the '651 patent, the '751 patent, and the '966 patent.

16. The '651 patent, the '751 patent, and the '966 patent are invalid pursuant at least to 35 U.S.C. §§ 102, 103, and 112.

17. CMC is entitled to a judgment from this Court that the '651 patent, the '751 patent, and the '966 patent are invalid pursuant at least to 35 U.S.C. §§ 102, 103, and 112.

## **RELIEF REQUESTED**

Wherefore, CMC respectfully requests that this Court:

1. Dismiss the Complaint against CMC with prejudice and find that Toshiba takes nothing by way of its Complaint;

2. Enter a judgment declaring that CMC has not infringed and does not infringe the '651 patent, the '751 patent, or the '966 patent;

3. Enter a judgment declaring CMC has not induced and does not induce infringement of the '651 patent, the '751 patent, or the '966 patent;

4. Enter a judgment declaring that CMC has not contributorily infringed and does not contributorily infringe the '651 patent, the '751 patent, or the '966 patent;

5. Enter a judgment declaring that CMC has not willfully infringed and does not willfully infringe the '651 patent, the '751 patent, or the '966 patent;

6. Enter a judgment denying any award to Toshiba for damages, enhanced damages, interest, costs, or attorneys' fees;

7. Deny any injunction against CMC or those in active concert with CMC;

8. Enter a judgment declaring that the '651 patent, the '751 patent and the '966 patent are invalid and/or unenforceable;

9. Declare this case exceptional and award CMC its reasonable costs, expenses, and attorneys' fees;

10. Award CMC any and all other relief to which CMC may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

CMC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  October 15, 2009

Respectfully submitted,
By:   /s/ Danni Tang
James D. Peterson
Godfrey & Kahn
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701
Phone: 608-257-3911
Fax:  608-257-0609

Alan Smith
Christopher Dillon
Stephen Marshall
Danni Tang
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110
Phone: 617-542-5070
Fax: 617-542-8906
Attorneys for Defendant CMC Magnetics Corp.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of October, 2009, a true and correct copy of the above and foregoing Answer of Defendant CMC Magnetics Corp. to Plaintiff Toshiba Corporation's First Amended Complaint was filed with the Court's ECF system and served via electronic mail to counsel as identified below pursuant to the Joint Preliminary Pretrial Conference Report and Discovery Plan filed with the Court on August 20, 2009.

Catherine Cetrangolo, Esq.
Boardman Law Firm LLP
One South Pinckney Street, 4th Floor
P.O. Box 927
Madison, WI 53701
ccetrangolo@boardmanlawfirm.com

G. Brian Busey, Esq.
John L. Kolakowski, Esq.
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW Suite 6000
Washington, DC 20006
Toshiba-WDWisc-09-305@mofo.com

James Denaro, Esq.
Morrison & Foerster LLP
1650 Tysons Blvd., Suite 400
McLean, VA 22012
Toshiba-WDWisc-09-305@mofo.com

/s/ Danni Tang
Danni Tang