IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOSHIBA CORPORATION,

                      Plaintiff,

   v.

IMATION CORP.; MOSER BAER INDIA LTD.;
GLYPHICS MEDIA, INC.;
CMC MAGNETICS CORP.; HOTAN CORP.;
KHYPERMEDIA CORP.; RITEK CORP. and
ADVANCED MEDIA, INC.,

                      Defendants.

ORDER

09-cv-305-slc

---

      In this civil case for patent infringement, plaintiff Toshiba Corporation alleges that the recordable and rewritable DVDs manufactured, used, sold, offered for sale and imported by defendants Imation Corp.; Moser Baer India Ltd.; Glyphics Media, Inc.; CMC Magnetics Corp.; Hotan Corp.; Khypermedia Corp.; Ritek Corp. and Advanced Media, Inc. infringe plaintiff's United States patents Nos. 5,708,651, 5,892,751 and 5,831,966.  On August 27, 2009, I entered an order setting out this court's rules for requesting construction of claim terms before summary judgment.  The order stated that "[i]t is the party's burden to persuade the court that construction of each specified term is necessary to resolve a disputed issue concerning infringement or invalidity."  Prelim. Pretrial Conf. Order, dkt. 37, at 2.

      Both sides have requested construction of certain claim terms.  Dkts. 69 and 74.  Jointly, plaintiff and defendants request construction of seven terms:  "pit," "reflecting layer formed on said substrate," "track pitch," "test pattern," "management region," "number-of-recording-planes identifying information" and "recording-plane identifying information that uniquely identifies that recording plane."  I am persuaded that construction of these seven terms is necessary to

resolve clearly disputed issues concerning infringement and invalidity. Dft.'s Br., dkt. 71, at 19-20, 27-29, 46. Therefore, I will grant the parties' motions with respect to these seven terms.

Plaintiff requests construction of two additional claim terms: "said information being reproduced by projecting a light beam via an objective lense" and "recording plane." I am persuaded that construction of these terms may be necessary to resolve a dispute as to infringement, Plf.'s Br., dkt. 74, at 36, 38-39, and I will grant plaintiff's motion for construction of these claim terms.

Defendants request construction of seven additional terms. Of the seven terms, I am persuaded that construction of the terms, "when wavelength of said light beam is $\lambda$ µm and numerical aperture of said objective lense is NA, said track pitch is in the range of (0.72 to 0.8)x($\lambda$/NA)/1.14 µm," "physical sector," "header" and "land" may be necessary to resolve disputed issues concerning infringement and invalidity, and I will grant defendants' motion as to these terms. Dft.'s Br., dkt. 71, at 19, 32-33. However, defendants have not explained why construction of the terms "lead-in area," "lead-out area" and "data area" is necessary. Therefore, I will deny defendants' motion to construe these three terms. If defendants believe that construction of additional terms is necessary, they may ask for construction of those terms at summary judgment.

The technology is sufficiently complex that a hearing would likely assist the court in resolving the parties' disputes. Therefore, a claims construction hearing will be set for February 26, 2010 at 9:00 a.m. Each side will have 90 minutes to present all evidence and argument.

ORDER

It is ORDERED that:

(1) The motion for construction of claim terms filed by plaintiff Toshiba Corporation, dkt. 74, is GRANTED and the motion for construction of claim terms filed by defendants Imation Corp.; Moser Baer India Ltd.; Glyphics Media, Inc.; CMC Magnetics Corp.; Hotan Corp.; Khypermedia Corp.; Ritek Corp. and Advanced Media, Inc., dkt. 69, is GRANTED in part and DENIED in part. The court will construe the following terms:

    a.    With respect to United States Patent No. 5,708,651:

- "pit" as used in claims 1 and 2;

- "reflecting layer formed on said substrate" as used in claim 1;

- "when wavelength of said light beam is $\lambda$ $\mu$m and numerical aperture of said objective lense is NA, said track pitch is in the range of $(0.72 \text{ to } 0.8) \times (\lambda/NA)/1.14$ $\mu$m" as used in claim 1;

- "track pitch" as used in claim 1; and

- "said information being reproduced by projecting a light beam via an objective lense" as used in claim 1.

    b.    With respect to United States Patent No. 5,892,751:

- "pit" as used in claims 1 and 2;

- "land" as used in claim 1;

- "physical sector" as used in claim 1;

- "header" as used in claim 1; and

- "test pattern" as used in claim 1.

    c.    With respect to United States Patent No. 5,831,966:

- "recording plane" as used in claim 1;

- "management region" as used in claim 1;

      •    "number-of-recording planes identifying information" as used in claim 1;

      •    "recording-plane identifying information that uniquely identifies that recording plane" as used in claim 1.

(3)    A hearing on claims construction will be held on Friday, February 26, 2010 at 9:00 a.m. Each side will have 90 minutes to present its argument or offer testimony in support of its proposed constructions.

Entered this 19th day of January, 2010.

                BY THE COURT:

                /s/

                STEPHEN L. CROCKER
                Magistrate Judge