# EXHIBIT G

# PAYMENT REQUEST FORM

## MORRISON & FOERSTER LLP

RQ 10012116l447

| | | |
|---|---|---|
| ☐ Include attached document(s) | REQUESTED BY: | BRIAN BUSEY |
| ☒ Special delivery instructions: | EXTENSION: | |
| | OFFICE: | Washington - 53 |
| Please return to Brian Busey/Ann Dickerson in MoFo DC for mailing. | PAY BY (DATE): | 1/25/2010 |

| DATE | DISB. CODE | G/L ACCOUNT | PERSONNEL NUMBER | OFFICE | NUMBER | | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | | | | CLIENT | MATTER | |
| 1/21/2010 | | | 277 | | 8941 | 123 | 3,525.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | TOTAL | 3,525.00 |

**NARRATIVE:**
(IF CLIENT CHARGEABLE, THIS NARRATIVE WILL APPEAR ON THE CLIENT'S PRE-BILL.)
PLEASE INCLUDE SUPPORTING MATERIAL WHEN AVAILABLE.

Retainer fee for CaseSight, Inc. for Graphics Support regarding Toshiba/Imation client matter.

| PAYMENT TO: | PERS # (IF EMP) | FOR ACCOUNTING USE ONLY |
|---|---|---|
| CaseSight, Inc. | 277 | VENDOR NO. |
| STREET ADDRESS | | VOUCHER NO. |
| 1200 G Street, NW. | | |
| CITY | STATE | ZIP CODE | TAX ID# |
| Washington | DC | 20005 | |

APPROVAL SIGNATURE _[signature: Brian Busey]_    TITLE _Partner_    PERS # 277



This Agreement entered into **January 21st, 2010**, is made between CaseSight, Inc., located at 200 Portland Street, Suite 203, Boston, Massachusetts 02114, and **MORRISON & FOERSTER, LLP ("CLIENT")**, located at **2000 Pennsylvania Avenue NW, Suite 6000, Washington, DC 20006-1888**. This Agreement covers the matter of **Toshiba Corporation v. Imation Corp. et al, Docket No. 3:09-cv-00305 in the Western District of Wisconsin, at 120 Henry Street in Madison**. CaseSight will provide services in support of the **Plaintiff, Toshiba Corporation.**

1. **Services.** CaseSight will perform case presentation services for the CLIENT. Any specific fee estimates and definition of ENGAGEMENT deliverables will be attached as a Statement of Work.

2. **Fees.** The fees for this ENGAGEMENT will be billed on a time and materials basis at the following hourly rates:

| | |
|---|---|
| Senior Consultant | $275 per hour |
| Litigation Consultant | $225 per hour |
| Design Director | $200 per hour |
| Lead Designer | $200 per hour |
| Designer or Animator | $175 per hour |
| Trial Site Manager | $225 per hour |

In addition to the hourly rates, CLIENT will be responsible for all applicable taxes arising out of this Agreement. The following items are not included in the hourly fees:

(a) Reasonable project expenses, including out-of-house photocopying, media duplication, postage, overnight delivery, production or printing of large format images, travel, and lodging
(b) Costs associated with the rental of equipment to be used by CLIENT for the presentation of ENGAGEMENT materials
(c) CaseSight will test electronic deliverables on its internal hardware platforms. If specialized hardware compatibility is required, CLIENT will provide such hardware to CaseSight to be used in the Quality Assurance testing process. If CLIENT is unable to provide such equipment, additional charges may apply to cover the cost of acquiring the necessary hardware. CaseSight will rent the necessary equipment and pass costs through to CLIENT.

A retainer of $3,525.00 is payable upon authorization of this agreement.

3. **Client Obligations.** CLIENT's failure to fulfill its responsibilities in a timely manner may result in delays in the production schedule and/or increases in the fee. CLIENT shall be responsible for the performance of its employees and agents, and for the accuracy and completeness of all content and information provided to CaseSight. In addition to the specific obligations described in the Scope of Work, CLIENT shall be responsible for:

(a) providing CaseSight with timely access to all content to be furnished by CLIENT and all information reasonably requested by CaseSight.
(b) providing experienced, qualified personnel with appropriate skills to perform assigned tasks
(c) promptly rendering all decisions and approvals so as not to delay or impede CaseSight's performance.
(d) promptly notifying CaseSight of any issues, concerns, or disputes with respect to the ENGAGEMENT.

4. **Invoicing and Payment Terms.** Invoices will be sent by the 15th of the month for prior month's fees and expenses. Payment terms are net 30 days.

5. **Confidentiality.** CaseSight agrees that it will not at any time disclose confidential information or trade secrets of CLIENT, or use any such confidential information or trade secrets for its own benefit, or for the benefit of third parties.

Notwithstanding the above, CaseSight shall have no obligation to treat as confidential, information or trade secrets of CLIENT, to the extent it (1) is or becomes part of the public domain through no act or omission on CaseSight's part; (2) is disclosed to third parties by CLIENT without restriction on such third parties; (3) is disclosed to CaseSight by a third party having no obligation of confidentiality with respect thereto; (4) is released from confidential treatment by written consent of CLIENT.

6. **Ownership of Intellectual Property.** CaseSight shall retain all rights and interest in the intellectual property and digital models used to create any animation, presentation tools and software delivered in connection with the ENGAGEMENT, including but not limited to any intellectual property created or developed by CaseSight outside the scope of this Agreement, as well as intellectual property developed by CaseSight prior to this ENGAGEMENT.

Notwithstanding the foregoing, upon full payment by CLIENT, CaseSight shall assign to CLIENT sole ownership of all rights and interest in the final deliverables in connection with this Agreement.

CaseSight also grants to CLIENT an unrestricted, perpetual, irrevocable, worldwide, royalty-free, and non-exclusive license to use, reproduce, copy, distribute, and display the final deliverables of this Agreement.

7. **Representations and Warranties.** CaseSight represents and warrants that the ENGAGEMENT, licensed materials and content, other than elements of the content furnished by the CLIENT are either owned or licensed by CaseSight and will not infringe or violate the U.S. copyright of any third party.

CLIENT represents and warrants that all elements of the content furnished by CLIENT are either owned or licensed by CLIENT, are in the public domain, or were provided in litigation and will not infringe or violate the U.S. copyright of any third party.

8. **Indemnification.** Each party (the "Indemnitor"), at its expense, shall defend any third-party action, suit, or proceeding brought against the other party or its officers, directors, employees, or agents (the "Indemnitee") alleging that any element of the ENGAGEMENT, licensed materials, or content furnished by the Indemnitor (as applicable, the "Work" for purposes of this section) infringes or violates the U.S. copyright of any third party, and Indemnitor shall indemnify each Indemnitee for any damages finally awarded against such Indemnitee, after all appeals are exhausted (including court costs and reasonable attorneys' fees to the extent that Indemnitor fails to promptly assume the defense of such claim), or settlements payable by the Indemnitee in connection with such claim, provided that (a) Indemnitee notifies Indemnitor promptly in writing of the claim, (b) Indemnitee permits Indemnitor solely to defend, and to compromise, or settle the claim, and (c) Indemnitee provides all available information and assistance, at Indemnitor's expense, to enable Indemnitor to do so. If CaseSight is the Indemnitor and if such infringement claim is, or in CaseSight's opinion is likely to be, substantiated, CaseSight reserves the right, at its option and expense, to either (i) obtain the right for CLIENT to continue using the Work on commercially reasonable terms, or (ii) modify the Work to make it non-infringing.

9. **Limitation of Liability.** CLIENT's sole remedy with respect to any claims arising out of this Agreement, regardless of the form of action, shall be governed by this Agreement, and in all cases such remedy shall be limited to money damages not exceeding the total amounts paid to CaseSight under this Agreement.

In no event shall CaseSight be liable for any special, indirect, incidental, exemplary, reliance or consequential damages, including loss of profits and goodwill, even if such party has been advised of the possibility of such damages.

This limitation of liability does not apply to the preceding paragraph section on indemnification.

10. **Force Majeure.** Except for payment obligations, neither party will be responsible for delays or failure to perform resulting from acts of God, acts of the public enemy, fires, floods, strikes, labor disputes, or other circumstances beyond the reasonable control of such party, provided that the nonperforming party uses commercially reasonable efforts to avoid or remove such causes of nonperformance and continues performance hereunder with reasonable dispatch as soon as such causes are removed.

11. **General.** Any approval given under this Agreement may be made by written correspondence, fax, or email, and if so given, all such approvals will be binding and irrevocable. This Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Massachusetts without regard to its choice of law rules, and any actions shall be brought only in the state and federal courts located in Massachusetts. Both parties consent to the personal jurisdiction of the state and federal courts of Massachusetts and waive any objections to venue of such courts.

12. **Termination.** This Agreement may be terminated by either party with or without cause and for any and no reason upon written notice to the other party. In the event that CLIENT elects to terminate the Agreement, CaseSight shall not undertake further work, incur additional expenses or enter into further commitments with regard to the Agreement after receiving written notice from CLIENT. Upon submission of reasonable documentation to CLIENT, CaseSight shall be entitled to receive payment for all work actually performed pursuant to the agreement, for out of pocket expenses actually incurred, and for non-cancelable commitments entered into with regard to this Agreement.

13. **Financial Contacts.** Any payments, invoices and notices relating to this Agreement shall be addressed to the following:

Gene Grogan, CFO
CaseSight, Inc.
200 Portland Street
Suite 203
Boston, Massachusetts 02114

**MORRISON & FOERSTER, LLP**
**2000 Pennsylvania Avenue NW, Suite 6000**
**Washington, DC 20006-1888**

**Execution of Agreement**
This Agreement constitutes the entire Agreement between the parties and supersedes all previous understandings and agreements related to the subject matter of this Agreement. No purchase order of CLIENT shall supersede this Agreement. No modifications of this Agreement shall be binding on either party unless set forth in a writing signed by both parties.

Agreed and Accepted:
CaseSight, Inc.
Federal ID No.

X_____

By: _____

Its: _____

Dated: _____

Agreed and Accepted:
**MORRISON & FOERSTER, LLP**

X_/s/ Brian Boyle_____

By: _____

Its: _Partner_____

Dated: _Jan. 21, 2010_____

Budget of [redacted] for this project not to be exceeded without prior approval from Morrison & Foerster. GBB

## Invoice Remittance

G. Brian Busey  
Morrison Foerster, LLP  
2000 Pennsylvania Ave, NW  
Suite 5500  
Washington, DC 20006-1888

November 16, 2010  
Resonant Invoice No. 1011-021  
Terms NET 30  
Federal ID No. 20-4734326

Re: Toshiba v. Imation

Current Invoice Period: 10/01/2010 – 10/31/2010

**Professional Services** $13,712.50

**Total Amount Due** $13,712.50

**Please Remit Payment to:**  
Resonant Legal Media, LLC  
413 S. Washington Street  
Alexandria VA 22314



# ( resonant | legal media )))

From **Resonant Legal Media**
413 S. Washington Street
Alexandria, Virginia 22314
United States

| | | | | | |
|---|---|---|---|---|---|
| Invoice For | **Morrison Foerster LLP** | | Invoice Number | **1011-021** | |
| | | | Invoice Date | **11/12/2010** | |
| | | | Due Date | **12/12/2010** (Net 30) | |
| Matter | Toshiba v. Imation | | | | |

| Type | Description | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Professional Fees | Toshiba v. Imation - 10/08/2010 - Communication Design / Dave Johnson: Conference with B. Busey, K. Kramer, J. Kolakowski re: development of demonstratives | 1.00 | $325.00 | $325.00 |
| Professional Fees | Toshiba v. Imation - 10/11/2010 - Communication Design / Dave Johnson: Develop demonstratives | 2.50 | $325.00 | $812.50 |
| Professional Fees | Toshiba v. Imation - 10/12/2010 - Communication Design / Dave Johnson: Develop demonstratives | 1.50 | $325.00 | $487.50 |
| Professional Fees | Toshiba v. Imation - 10/13/2010 - Communication Design / Jared Schneidman: Develop illustrations | 3.50 | $275.00 | $962.50 |
| Professional Fees | Toshiba v. Imation - 10/14/2010 - Communication Design / Jared Schneidman: Develop illustrations | 4.00 | $275.00 | $1,100.00 |
| Professional Fees | Toshiba v. Imation - 10/14/2010 - Communication Design / Dave Johnson: Develop demonstratives | 2.75 | $325.00 | $893.75 |
| Professional Fees | Toshiba v. Imation - 10/15/2010 - Communication Design / Dave Johnson: Develop demonstratives | 1.25 | $325.00 | $406.25 |
| Professional Fees | Toshiba v. Imation - 10/20/2010 - Communication Design / Dave Johnson: LiveMeeting conference re: demonstratives; develop demonstratives | 3.00 | $325.00 | $975.00 |
| Professional Fees | Toshiba v. Imation - 10/21/2010 - Communication Design / Dave Johnson: Develop demonstratives | 4.25 | $325.00 | $1,381.25 |
| Professional Fees | Toshiba v. Imation - 10/22/2010 - Communication Design / Jared Schneidman: Develop illustrations | 2.25 | $275.00 | $618.75 |
| Professional Fees | Toshiba v. Imation - 10/22/2010 - Communication Design / Dave Johnson: Develop demonstratives | 3.75 | $325.00 | $1,218.75 |
| Professional Fees | Toshiba v. Imation - 10/23/2010 - Communication Design / Jared Schneidman: Develop illustrations | 7.00 | $275.00 | $1,925.00 |
| Professional Fees | Toshiba v. Imation - 10/25/2010 - Communication Design / Jared Schneidman: Develop illustrations | 1.00 | $275.00 | $275.00 |

| | | | | |
|---|---|---|---|---|
| Professional Fees | Toshiba v. Imation - 10/25/2010 - Communication Design / Dave Johnson: Develop demonstratives | 2.00 | $325.00 | $650.00 |
| Professional Fees | Toshiba v. Imation - 10/27/2010 - Communication Design / Jared Schneidman: Develop illustrations | 0.50 | $275.00 | $137.50 |
| Professional Fees | Toshiba v. Imation - 10/27/2010 - Communication Design / Dave Johnson: Develop demonstratives | 1.50 | $325.00 | $487.50 |
| Professional Fees | Toshiba v. Imation - 10/28/2010 - Communication Design / Dave Johnson: Develop demonstratives | 2.50 | $325.00 | $812.50 |
| Professional Fees | Toshiba v. Imation - 10/31/2010 - Communication Design / Dave Johnson: Develop demonstratives | 0.75 | $325.00 | $243.75 |

**Amount Due**     **$13,712.50**